IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-02231-SKC

HAO FU LIN,

     Petitioner,

v.

JUAN BALTAZAR, *et al.*,

     Respondents.

---

## ORDER

---

Petitioner Hao Fu Lin is a citizen of China who is currently being detained at the Denver Contract Detention Facility in Aurora. Dkt. 1, ¶24. He entered the United States in 1993 and applied for asylum approximately 18 months after he entered and was issued an Employment Authorization Document. *Id.* ¶¶12–13. Thereafter, Mr. Lin was placed in removal proceedings, and on July 8, 1998, an immigration judge ordered Mr. Lin removable to China. *Id.* ¶13. The order of removal became final after Mr. Lin's appeal was dismissed on March 24, 1999. *Id.* Despite the final order of removal, Mr. Lin was not removed to China. *Id.* ¶14. He continued living and working in the United States without restriction or supervision for over a decade. *Id.*

In 2011, Mr. Lin was charged with misdemeanor sexual assault. *Id.* ¶17. The charges were later dropped, but ICE detained Mr. Lin for approximately three

months subsequent to the misdemeanor charge. *Id.* ¶18. He was then released under an Order of Supervision (OSUP). *Id.* The OSUP placed certain requirements on Mr. Lin, all of which he complied with for nearly 15 years. *Id.* ¶¶19–20.

On November 12, 2025, during a routine check-in appointment with ICE, Mr. Lin was detained without any prior notice.[1] *Id.* ¶¶22–23. ICE told him that "there had been a change in policy and that ICE was now detaining all noncitizens who were subject to a removal order and whose immigration record indicated any prior notable issue, without further specificity." *Id.* ¶23. Mr. Lin alleges he was never provided written notice of the reasons for the revocation of his release nor was he provided an interview to contest the reasons for the revocation. *Id.* ¶¶25–26. Respondents allege that ICE served Mr. Lin with a Form I-229(a) Warning for Failure to Depart and a Notice of File Custody Review on November 23, 2025. Dkt. 7, p.4. Respondents also attempted to serve Mr. Lin with a "Notice to [Noncitizen] of Interview for Review of Custody Status," but Mr. Lin refused to sign. *Id.*

Mr. Lin filed his Petition on May 21, 2026, and asserted two claims for relief, one under the due process clause of the Fifth Amendment and the other under 8 U.S.C. § 1231(a)(6). Respondents filed their Response on June 2, 2026. Dkt. 7.

---

[1] Both parties discuss facts relating to Mr. Lin's potential removal to China, but because the Court finds that Respondents violated their procedures for providing Mr. Lin notice under their own regulations, the Court does not reach Petitioner's other claim that his removal is not significantly likely in the reasonably foreseeable future. Accordingly, the facts related to that claim are not relevant, so the Court does not include them in this Order.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the various attachments, and the governing law. Because Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. See 28 U.S.C. § 2243. For the reasons shared below, the Court GRANTS the Petition.

## ANALYSIS

Petitioner offers two reasons for his immediate release, but the Court addresses only one: in revoking his OSUP, ICE violated its binding regulations and did not afford Mr. Lin sufficient notice in violation of his Fifth Amendment right to due process. Dkt. 1, ¶¶62–68. The regulations governing the release and revocation of release of noncitizens who are subject to a final order of removal are 8 C.F.R. § 241.4 and § 241.13. These regulations "were intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release." *Virachak v.*

3

*Baltazar*, No. 26-cv-00391-STV, 2026 WL 746285, at *2 (D. Colo. Mar. 17, 2026) (quoting *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)). Although it is not clear from the Petition under which regulation Petitioner's release was revoked,[2] Respondents contend in their Response that it was under 8 C.F.R. § 241.4. Dkt. 7, pp.3–4.

Under 8 C.F.R § 241.4, a noncitizen who has previously been approved for supervised release may have their release revoked if: "(i) the purposes of the release have been served; (ii) the [noncitizen] violates any condition of release; (iii) it is appropriate to enforce a removal order or to commence removal proceedings against [a noncitizen]; or (iv) the conduct of the [noncitizen], or any other circumstance, indicates that release would no longer be appropriate." 8 C.F.R § 241.4(l)(2)(i)–(iv). "Upon revocation, the [noncitizen] will be notified of the reasons for revocation of his or her release or parole." *Id.* § 241.4(l)(1).[3] In addition, "[t]he [noncitizen] will be

---

[2] The fact that Petitioner cannot identify which regulation his re-detention is subject to further evidences Respondents' failure to provide him with proper notice. *See Izquierdo Navarro v. Bondi*, No. 25-cv-04210-NYW, 2026 WL 468582, at *2 (D. Colo. Feb. 18, 2026) ("Mr. Izquierdo Navarro's lack of knowledge [regarding which regulation his release was revoked under] reflects a constitutional flaw with the revocation and re-detention here.").

[3] Respondents argue that "an OSUP revocation under 8 C.F.R. 241.4 does not always trigger a requirement for notice and an interview." Dkt. 7, p.6. The Court disagrees. In *Izquierdo Navarro*, Judge Wang found that the notice and interview requirements under § 241.1(l)(1) also applied under § 241.4(l)(2). 2026 WL 468582, at *2. Judge Wang cited numerous cases for this proposition. This Court has reviewed those cases and agrees with those other courts that the requirements apply to noncitizens who have their OSUP revoked under § 241.4(l)(2).

afforded an initial informal interview promptly after his or her return to . . . custody to afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification." *Id.*

Petitioner argues that Respondents did not provide him with written notice of the reasons for the revocation of his release and Respondents did not provide him with an interview to respond and contest those reasons. Dkt. 1, ¶¶48, 50. Respondents argue that they provided Petitioner with notice in the form of an I-229(a), which is a Warning for Failure to Depart.[4] Dkt. 7, p.6. But there is no indication in the briefing that this Form I-229(a) gave Petitioner notification of the reasons for his revocation. In fact, Respondents provide this Court with no evidence that this Form even related to the revocation of his OSUP at all. The Form I-229(a) does not constitute proper notice. *See Kumar v. Mullin*, No. 26-cv-1264-WJM, 2026 WL 1139601, at \*3 (D. Colo. Apr. 24, 2026) (finding Notice of File Custody Review served on petitioner insufficient where Respondents provided no indication that the Notice set forth the reasons for revocation of release or parole). Because the Court finds Respondents did not provide proper notice under 8 C.F.R. § 241.1(l)(1), the Court does not consider whether Mr. Lin was provided with an informal interview. The lack of proper notice itself is enough to violate due process.

Respondents argue that even if Mr. Lin was denied adequate process that the appropriate remedy would be to provide him with that process. Dkt. 7, p.6. The Court

---

[4] Respondents did not attach the Form I-229 as an exhibit to their Response.

recently addressed the same issue in *Medykowski v. Baltazar*, No. 1:26-cv-01986-SKC, Dkt. 14 (D. Colo. June 1, 2026). There, finding persuasive caselaw from other courts in this district and across the country, this Court held that "(1) ICE violating its own regulations in detaining an individual is a due process violation, and (2) this violation makes the detention unlawful and the proper remedy is release." *Id.* at p.5. The Court adopts and incorporates its reasoning in *Medykowski* in full and holds that the proper remedy is immediate release rather than affording Respondents a mulligan for what they were constitutionally required to do in the first instance.

*     *     *

For the reasons shared above, Mr. Hao Fu Lin's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **GRANTED** and the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner subject to the terms of his Order of Supervision;

2. Respondents **SHALL FILE** a status report within **FIVE DAYS** of this Order certifying compliance; and

3. The Court's previous Order (Dkt. 4) enjoining Respondents from removing Petitioner from Colorado or the United States is **VACATED** and replaced with the present Order.

DATED: June 4, 2026.

6

BY THE COURT:

_____

S. Kato Crews
United States District Judge